PARSONS BEHLE & LATIMER
Rew R. Goodenow, Bar No. 3722
RGoodenow@parsonsbehle.com
Robert W. DeLong, Bar No. 10022
RDeLong@parsonsbehle.com
50 W. Liberty Street, Suite 750
Reno, Nevada 89501
Telephone: (775) 323-1601
Facsimile: (775) 348-7250

MORRSION & FOERSTER LLP
Paul T. Friedman (Pro Hac Vice Pending)
PFriedman@mofo.com
Anna Erickson White (Pro Hac Vice Pending)
AWhite@mofo.com
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268.7000
Facsimile: (415) 268.7522

Counsel for Nominal Defendant WATG

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WALTER WASILEFF, derivatively on behalf of Nominal Defendant WONDER AUTO TECHNOLOGY, INC.<br><br>Plaintiff<br><br>vs.<br><br>LARRY GOLDMAN, XIANZHANG WANG, QINGDONG ZENG, XIAOYU ZHANG, QINGJIE ZHAO, MEIRONG YUAN, YUNCONG MA, DAVID MURPHY, and XINGYE ZHANG,<br><br>Defendants,<br><br>-and-<br><br>WONDER AUTO TECHNOLOGY, INC., a Nevada Corporation<br><br>Nominal Defendant. | Lead Case No. 2:11-cv-01022-GMN-CWH<br><br>Consolidated with member cases:<br><br>2:11-CV-1108-GMN-CWH<br>2:11-CV-1090-GMN-CWH<br><br>**JOINT STATUS REPORT AND PROPOSED SCHEDULING ORDER** |

sf-3105796

**JOINT STATUS REPORT AND PROPOSED SCHEDULING ORDER**

Pursuant to the Court's order during the February 7, 2012 status conference, Plaintiffs and Nominal Defendant Wonder Auto Technology, Inc. ("WATG" or "the Company"), by and through their undersigned attorneys, hereby submit the following joint status report and proposed scheduling order.

**1.     Procedural History**

Three separate derivative actions were originally filed in this Court: (1) *Wasileff v. Goldman, et al.*, No. 11-1022 (filed June 22, 2011) (the "*Wasileff* Action"); (2) *Gidwaney v. Zhao, et al.*, No, 11-1090 (filed July 1, 2011) (the "*Gidwaney* Action"); and (3) *Chao v. Zhao, et al.*, No. 11-1108 (filed July 5, 2011) (the "*Chao* Action") (collectively the "Actions"). All three complaints name WATG as the nominal defendant and certain of WATG's current and former officers and directors as individual defendants.

On July 22, 2011, plaintiffs in the *Wasileff* Action and *Gidwaney* Action filed a motion seeking to (1) consolidate the three above-captioned actions; (2) appoint Levi & Korsinsky LLP and Doyle Lowther LLP as co-lead counsel; and (3) appoint Cogburn Law Offices and Aldrich Law Firm, Ltd. as Co-Liaison Counsel. (Dkt. No. 16.) On October 17, 2011, the Court consolidated the *Gidwaney* Action and the *Chao* Action with the *Wasileff* Action. (Dkt. Nos. 25 and 26.) By order dated January 25, 2012, the Court appointed Levi & Korsinsky LLP and Doyle Lowther LLP as Co-Lead Counsel and Cogburn Law Offices and Aldrich Law Firm, Ltd. as Co-Liaison Counsel. (Dkt. No. 31.)

During the February 7, 2012 status conference, the Court granted Plaintiffs leave to file a consolidated complaint (the "Consolidated Complaint") by March 8, 2012.

**2.     Allegations**

These Actions are shareholder derivative lawsuits. Unlike direct actions, in which a plaintiff brings suit on his or her own behalf, a derivative suit is an action in which the shareholder of a corporation sues on behalf of the corporation asserting a claim that belongs to the corporation.

1       These Actions were brought on behalf of WATG, a China-based company incorporated in Nevada. The complaints in the three actions generally allege that certain of WATG's current and former officers and directors "breach[ed] their fiduciary duties to the Company [by] knowingly engag[ing] in improper financial reporting and accounting practices, and disseminat[ing] false and misleading statements in violation of SEC regulations and Generally Accepted Accounting Principles ("GAAP")." (*Wasileff* Compl. ¶ 4.) In particular, the actions allege that, from May 2008 through November 23, 2010, the individual defendants caused or allowed the Company to "improperly recognize[] revenue in incorrect financial reporting periods" and "improperly engage[] in several transactions without properly disclosing their related-party nature." (*Wasileff* Compl. ¶ 64.) The complaints also allege that, due to the individual defendants' conduct, the Company lacked adequate internal and financial controls. Plaintiffs allege that the Company sustained damage as a result of the individual defendants' alleged conduct. (*E.g., Wasileff* Compl. ¶ 5.)

**3.     Service**

      The registered agent for Nominal Defendant WATG has been served with the complaint in the *Wasileff* Action. The parties have agreed that WATG is under no obligation to respond to any complaint until the Consolidated Complaint is filed.

      None of the individual defendants has been served with the complaint. To the Company's knowledge, all but one of the individual defendants resides in China, which is a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters.

**4.     Related Actions**

Federal Securities Class Action

      A consolidated federal securities class action is currently pending in United States District Court in the Southern District of New York before the Honorable Paul A. Engelmayer, which is captioned *In re Wonder Auto Technology, Inc. Securities Litigation*, No. 11-CV-3687-PAE (S.D.N.Y.) (the "Federal Securities Class Action"). On December 2, 2011, the lead plaintiff in the Federal Securities Class Action filed an amended complaint. The amended

2

sf-3105796

complaint names as defendants WATG and two of its former officers, and is based upon the same set of operative facts as those alleged in this action. Only WATG has been served with the complaint in the Federal Securities Class Action.

On January 27, 2012, the parties submitted a stipulation informing the Court of their intention to attempt to reach an early resolution of the Federal Securities Class Action. The stipulation proposed to adjourn the pretrial conference scheduled for February 15, 2012 while the parties attempted to schedule a mediation, and also provided that WATG would be under no obligation to respond to the amended complaint while the parties conducted settlement negotiations. On January 31, 2012, the Court issued an order approving the stipulation and rescheduling the initial pretrial conference for May 3, 2012, at which time the parties will report to the Court on progress with respect to the mediation and a potential resolution. The stipulation and order in the Federal Securities Class Action is attached as **Exhibit 1**.

Discovery is stayed in the Federal Securities Class Action pursuant to the Private Securities Litigation Reform Act of 1995.

State Derivative Action

A consolidated derivative action is currently pending in Nevada State Court in the First Judicial District Court in and for Carson City before the Honorable James T. Russell, which is captioned *In re Wonder Auto Technology, Inc. Derivative Shareholder Litigation*, No. 11 OC 00193 (Nev. Dist. Ct.) (the "State Derivative Action"). The designated operative complaint in the State Derivative Action names WATG as a nominal defendant, and names certain of WATG's current and former officers and directors as individual defendants. It is WATG's position that the State Derivative Action is based upon the same set of operative facts as those alleged in this action.

Only WATG and Larry Goldman have been served with the complaint in the State Derivative Action. By stipulation and order dated February 1, 2012, WATG and Defendant Goldman have until February 29, 2012 to file a responsive pleading to the complaint in the State Derivative Action while the parties attempt to schedule a mediation, without prejudice to a further extension of time. That stipulation and order is attached as **Exhibit 2**. The parties in

the State Derivative Action currently are negotiating a further extension of time while the parties schedule a mediation.

On November 16, 2011, the court in the State Derivative Action denied plaintiffs' request to serve the individual defendants residing in China by publication, and ordered that the individuals provide their addresses in China and that plaintiffs pursue service though the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters.

No discovery has occurred in the State Derivative Action.

### 5. Mediation

Plaintiffs and WATG, through their counsel, have met and conferred and have agreed to hold discussions regarding the potential resolution of the claims in this Action. The parties are attempting to schedule a mediation for April 2012.

As was discussed during the February 7, 2012 status conference, counsel for Plaintiffs and WATG believe that it would serve the interests of judicial efficiency and preserve the parties' limited resources to extend the time within which WATG must answer, move, or otherwise respond to the Consolidated Complaint until after the April mediation. At the Court's direction, the parties have submitted a joint proposed scheduling order to that effect.

### 6. Legal/Dispositive Issues

<u>Nominal Defendant WATG's Position</u>

To the extent that the parties' attempt at mediation is unsuccessful, WATG may raise the following legal/dispositive issues at the motion to dismiss stage.

(1) Plaintiffs lack standing to bring suit on behalf of WATG because they have failed to plead, with the required particularity, that demand is excused in this derivative action. Rule 23.1 of the Federal Rules of Civil Procedure—which governs all actions filed in federal court—requires that "[a] shareholder seeking to vindicate the interests of a corporation through a derivative suit must first demand action from the corporation's directors or plead with particularity the reasons why such demand would have been futile." *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 989 (9th Cir. 1999); Fed. R. Civ. P. 23.1.

4

sf-3105796

Here, because Plaintiffs made no demand upon WATG's Board of Directors before initiating the lawsuit, they are required to "plead with particularity the reasons why such demand would have been futile." *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d at 989. To do so under Nevada law, Plaintiffs must establish a "reasonable doubt that the board can impartially consider a demand." *Shoen v. SAC Holding Corp.*, 122 Nev. 621, 641 (Nev. 2006).[1] Nevada law requires Plaintiffs to plead that a *majority* of the current directors either (i) lack independence, *i.e.*, are not free from the influence of others in conducting the affairs of the corporation; or (ii) are "interested" in the litigation at issue, meaning that the directors' "actions were so egregious that a substantial likelihood of director liability exists." *Id.* at 640. It is WATG's position that Plaintiffs have not pled with the requisite particularity that a majority of WATG's current directors either lack independence or are interested in the litigation at issue, and thus have failed to demonstrate that demand is properly excused in this action.

(2) This action should be stayed in favor of the Federal Securities Class Action. In the interest of time and effort for the court, counsel, and litigants, a federal court has the inherent power to control the disposition of cases on its docket, as well as the incidental power to stay proceedings in a pending suit. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Given the substantial similarities between the two actions, prosecution of this lawsuit would conflict with the Company's defense of the pending class action, thereby resulting in substantial harm to WATG. In these types of situations, federal courts—including courts in this District—routinely stay derivative actions in favor of parallel federal securities class actions. *See, e.g., In re Ormat Techs., Inc. Derivative Litig.*, No. 10-0177, 2011 U.S. Dist. LEXIS 96891, at *15 (D. Nev. Aug. 29, 2011) (granting stay of federal derivative action pending resolution of federal

---

[1] While the Federal Rules of Civil Procedure govern the pleading requirement Plaintiffs must meet—*i.e.*, that allegations of demand futility be pled with "particularity"—the substantive standard for determining whether demand should be excused is based upon the law of the state where WATG is incorporated, Nevada. *E.g., Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 108-09 (1991).

securities class action); *Rosenblum v. Sharer*, No. CV 07-6140 PSG, 2008 U.S. Dist. LEXIS 65353 (C.D. Cal. July 28, 2008) (same); *Cucci v. Edwards*, No. SACV 07-532 PSG (MLGx), 2007 U.S. Dist. LEXIS 86832 (C.D. Cal. October 31, 2007) (same); *Breault v. Folino*, Case No. 5A CV 01-0826 GLT (ANx), 2002 U.S. Dist. LEXIS 25587 (C.D. Cal. March 15, 2002) (same).

(3) In the alternative, this derivative action should not proceed in two jurisdictions. As the court recently explained in *Sabbag v. Cinnamon*, No. 10-2735, 2010 U.S. Dist. LEXIS 131086, at *23-24 (N.D. Cal. Dec. 10, 2010): "[I]n a derivative action, the shareholder-plaintiffs ostensibly are suing on behalf of the corporation to remedy wrongs committed against the corporation. Proceeding with two separate derivative actions, each seeking to remedy the same wrongs, serves only to injure the corporation and its shareholders by forcing the corporation to incur duplicative litigation expenses." *Id*.

Plaintiffs' Position

WATG has not moved to dismiss or stay any of Plaintiffs' claims. Should WATG file a dispositive motion or move to stay in the future, Plaintiffs will then respond.

7. **Discovery**

The parties agree to defer formal discovery at this time. It is WATG's position that discovery is inappropriate in derivative actions before plaintiffs have established that they have standing to bring suit. *E.g., In re Openwave Sys. S'holder Derivative Litig.*, 503 F. Supp. 2d 1341, 1351-53 (N.D. Cal. 2007) ("Rule 23.1 reflects a Congressional intent that derivative actions pass certain hurdles before being allowed being allowed to proceed with the normal course of litigation, including discovery."). Plaintiffs reserve the right to request discovery from the Court at a time before the Court has ruled upon the pleadings in this case.

In addition, as discussed above, the parties intend to attempt to resolve Plaintiffs' claims in this action through mediation.

6

sf-3105796

8. **Proposed Scheduling Order**

The parties submit the following proposed scheduling order to govern WATG's obligation to respond to the Consolidated Complaint if the parties' attempts to resolve this Action at mediation in April are unsuccessful.

1. The parties will provide a status update to the Court on or before May 4, 2012 regarding the outcome of the parties' mediation.

2. If the parties' attempts at mediation are unsuccessful, or if WATG files a responsive pleading in the Federal Securities Class Action or State Derivative Action before a mediation occurs, the parties in this Action will meet and confer about any responsive pleading or other motion WATG may file.

DATED: February 22, 2012

/s/ James R. Hail
DOYLE LOWTHER LLP
William J. Doyle II
bill@doylelowther.com
John A. Lowther
john@doylelowther.com
James R. Hail
jim@doylelowther.com
10200 Willow Creek Road, Suite 150
San Diego, California 92131
Telephone: (858) 935-9960
Facsimile: (858) 939-1939

LEVI & KORSINKSY LLP
Joseph Levi
Shannon L. Hopkins
Allen Schwartz
Corey Ellen Fulton
30 Broad Street, 15th Floor
New York, New York 10004
Telephone: (212) 363-7500
Facsimile: (212) 363-7171

**Co-Lead Counsel for Plaintiffs**

```
ALDRICH LAW FIRM, LTD.
John P. Aldrich
jaldrich@johnaldrichlawfirm.com
1601 S. Rainbow Blvd., Suite 160
Las Vegas, NV 89146
Telephone: (702) 853.5490
Facsimile: (702) 227.1975

COGBURN LAW OFFICES
Jamie S. Cogburn
jsc@cogburnlaw.com
9555 S. Eastern Ave., # 280
Las Vegas, NV 89123
Telephone: (702) 384-3616
Facsimile: (702) 943-1936
```

**Co-Liaison Counsel for Plaintiffs**

/s/ Rew R. Goodenow

```
PARSONS BEHLE & LATIMER
Rew R. Goodenow, Bar No. 3722
RGoodenow@parsonsbehle.com
Robert W. DeLong, Bar No. 10022
RDeLong@parsonsbehle.com
50 W. Liberty Street, Suite 750
Reno, Nevada 89501
Telephone: (775) 323-1601
Facsimile: (775) 348-7250

MORRSION & FOERSTER LLP
Paul T. Friedman (Pro Hac Vice Pending)
PFriedman@mofo.com
Anna Erickson White (Pro Hac Vice Pending)
AWhite@mofo.com
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268.7000
Facsimile: (415) 268.7522
```

**Counsel for Nominal Defendant WATG**

* * *

IT IS HEREBY ORDERED THAT:

1. The parties will provide a status update to the Court on or before May 4, 2012 regarding the outcome of the parties' mediation.

2. If the parties' attempts at mediation are unsuccessful, or if WATG files a responsive pleading in the Federal Securities Class Action or State Derivative Action before a mediation occurs, the parties in this Action will meet and confer about any responsive pleading or other motion WATG may file.

DATED: February 23, 2012

_____
HONORABLE CARL W. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of February, 2012, I caused to be filed and served through the United States District Court's ECF system, a true and correct copy of the foregoing JOINT STATUS REPORT AND PROPOSED SCHEDULING ORDER, to:

John P. Aldrich
Aldrich Law Firm, Ltd.
1601 S. Rainbow Blvd., Suite 160
Las Vegas, NV 89146
jaldrich@johnaldrichlawfirm.com
Attorney for Walter Wasileff

William J. Doyle
James Hail
John Lowther
Doyle Lowther LLP
10200 Willow Creek Road, Suite 150
San Diego, CA 92131
bill@doylelowther.com
jim@doylelowther.com
john@doylelowther.com
Attorney for Walter Wasileff

Jamie S. Cogburn
Cogburn Law Offices
9555 S. Eastern Avenue, Suite 280
Las Vegas, NV 89123
jsc@cogburnlaw.com
Attorney for Veer Gidwaney

Shannon L. Hopkins
Joseph Levi
Allen Schwartz
Levi & Korsinsky
30 Broad Street
New York, NY 1004
shopkins@zlk.com
aschwartz@zlk.com
Attorney for Veer Gidwaney

Patrick R. Leverty
Leverty & Associates, Chtd.
832 Willow St.
Reno, NV 89502
pat@levertylaw.com
Attorney for Angel Chao and Jennifer Chao

PARSONS
BEHLE &
LATIMER

19818.001/4835-2013-7230.1

I also hereby certify that on this 22nd day of February, 2012, I served a copy of the above-referenced documents via U.S. Mail, at Reno, Nevada, in a sealed envelope with first-class postage fully prepaid, addressed as follows:

Bruce G. Murphy
Law Offices of Bruce g. Murphy
129 Meadows Lane
Banner Elk, NV 28604
Attorney for Walter Wasileff

Hamilton Lindley
Goldfarb Branham LLP
Saint Ann Court
2501 N. Harwood Street, Suite 1801
Dallas, TX 75201
Attorney for Angel Chao and Jennifer Chao

/s/ Kathy So
Employee of Parsons Behle & Latimer

PARSONS BEHLE & LATIMER

19818.001/4835-2013-7230.1                    - 2 -