# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Walter Wasileff, et al.<br><br>        Plaintiffs,<br><br>vs.<br><br>Larry Goldman, et al.,<br><br>        Defendants. | Case No. 2:11-cv-1022-JAD-CWH<br>c/w: No. 2:11-cv-1108-JAD-CWH<br>No. 2:11-cv-1090-JAD-CWH<br><br>**Order Excusing Certain Parties<br>from Participation in Status<br>Conference (Doc. 82)** |

      This currently consolidated securities derivative action was originally comprised of three sets of plaintiffs: Walter Wasileff (Wasileff), No. 11-1022, Veer Gidwaney (Gidwaney), No. 11-1090, and Jennifer Chao and Angel Chao (collectively, Chao Plaintiffs), No. 11-1108. All three sets of plaintiffs brought their claims on behalf of nominal defendant, Wonder Auto Technology, Inc. (Wonder Auto).

      Wasileff and Gidwaney subsequently moved for consolidation of all three actions, which the Court granted. Docs. 16, 25, 26. An Amended Complaint was then filed in the action, on which the Chao Plaintiffs did not appear in the caption. Doc. 48, p. 1. However, the Chao Plaintiffs were not terminated from the consolidated action.

      Thereafter, Plaintiffs Wasileff and Gidwaney filed a notice of dismissal of "the above-captioned consolidated action, with prejudice" pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). Doc. 76. The Court ordered dismissal accordingly. Doc. 77. Again, the Chao Plaintiffs did not appear in that caption, did not file any objection to Wasileff and

1

Gidwaney's notice, and have not otherwise sought dismissal of their claims in the consolidated suit.[1]

On September 3, 2013, all parties to this action were ordered to file a joint status report on or before September 10, 2013, and ordered to appear for a status hearing on September 16, 2013, in the chambers of U.S. District Judge Jennifer A. Dorsey. Doc. 81. On September 10, 2013, "Plaintiffs," as well as Defendant Larry Goldman (Goldman) and Nominal Defendant Wonder Auto (collectively, Filing Parties) filed a joint status report, which claimed that "this matter has been resolved fully" and therefore requested that the Court vacate the Status Conference. Doc. 82, p. 1. In compliance with the Court's Order, a purported "Stipulation of Settlement" was also filed into the record. Doc. 82-1. This Agreement was signed by (1) counsel for "Plaintiffs," and (2) counsel for Wonder Auto and Goldman. Doc. 82-1, p. 19.[2]

The Court finds that Plaintiffs Wasileff and Gidwaney have been terminated from this action, Doc. 77, and thus should be excused from participation in the September 16, 2013, status conference. However, **the Court's records do not reflect that the Chao Plaintiffs have been terminated, and the Chao Plaintiffs therefore must appear at the September 16, 2013 status conference.**[3] **If appropriate dismissal paperwork is filed for the Chao Plaintiffs' claims prior to the status conference, this Court may vacate the status conference.**

Additionally, Defendants Qingjie Zhao, Meirong Yuan, Qindong Zeng, Goldman,

---

[1] Local Rule 7-2(d) states that "the failure of an opposing party to file points and authorities in response to any motion shall constitute consent to granting the motion." *Id.* Further, L.R. 7-1(c) states that "[a] dispositive stipulation, which has been signed by fewer than all the parties or their counsel, shall be treated as a motion." *Id.* In this case, however, Fed. R. Civ. Proc. 41(a)(1)(A)(i) does not refer to a *motion* or a *stipulation* for dismissal, but a *notice* of dismissal.

[2] The Stipulation of Settlement provides, *inter alia*, that a settlement is conditioned upon dismissal of the "Federal Derivative Action with prejudice." Doc. 82-1, p. 13. The "Federal Derivative Action" is defined as "the consolidated shareholder derivative action . . . captioned Wasileff v. Goldman, Case No. 2:11-CV-1022." *Id.* at 7.

[3] The Court notes that, although the Joint Status Conference was purportedly filed on behalf of "plaintiffs," the Chao Plaintiffs' attorneys of record have failed to sign this document. Doc. 82, pp. 4-6.

2

Xiaoyu Zhang, Xianzhang Wang, and Wonder Auto are ordered to appear at the September 16, 2013 status conference.[4]  The Court notes that, with the exception of Defendants Goldman and Wonder Auto, none of the other Defendants are currently represented by counsel.

The Filing Parties also requested permission to participate in the Status Conference by telephone, in the event the Conference was ordered to go forward.  Doc. 82, p. 4.  The Court will permit any counsel admitted *pro hac vice* for any party to participate telephonically, provided that at least one local counsel for that party to the case appears in person.  Any counsel who wishes to participate telephonically shall contact the Clerk of Court prior to the hearing to make arrangements to call in.

DATED: September 12, 2013.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE

---

[4] The Chao Plaintiffs' Complaint was not originally brought against the identical set of Defendants as those of Wasileff and Gidewaney. Specifically, Defendants Yuncong Ma, David Murphy, or Xingye Zhang were originally sued by Plaintiffs Gidwaney and Wasileff prior to consolidation. *See* Nos. No. 11-1090; No. 11-1022.